**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez**

Civil Action No. 24-cv-00961-RMR-MEH

A&J LOGISTICS, LLC, a Limited Liability Company registered in Colorado,

      Petitioner,

v.

CFG MERCHANT SOLUTIONS, LLC, a New York registered LLC, and EMPIRE RECOVERY SOLUTION, LLC, a New York registered LLC,

      Respondents.

---

## ORDER

This matter comes before the court on Petitioner A&J Logistics, LLC's Motion for Default Judgment as to Respondent CFG Merchant Solutions, LLC, ECF No. 18. Neither Respondent has responded to the Motion. For the reasons stated herein, the Court **DENIES** Petitioner's Motion for Default Judgment.

## I.    Background

Petitioner is a Colorado limited liability company that specializes in logistics and freight services. ECF No. 10 ¶ 7. Respondents CFG Merchant Solutions, LLC ("CFG") and Empire Recovery Solution, LLC ("Empire") are both New York limited liability companies. *Id.* ¶¶ 2-3. In its Amended Petition, Petitioner alleges Respondents wrongfully attempted to place a lien on the receivables of Petitioner, purportedly in connection with a debt owed by another and entirely separate entity, A&J Leonard Logistics, LLC, a

Florida limited liability company ("Leonard Logistics"). *Id.* ¶ 9. Leonard Logistics, with which CFG has a Purchase Agreement, is a distinct and separate entity from Petitioner A&J Logistics, with no legal or operational ties between them. *Id.* ¶ 10. Although Petitioner and Leonard Logistics are unrelated, CFG, through Empire, aggressively pursued collection efforts against Petitioner. *Id.* ¶ 12. These efforts include the alleged wrongful placement of a lien on Petitioner's receivables, based on the unfounded assertion that Petitioner is somehow responsible for the debts of Leonard Logistics. *Id.* ¶ 12.

Petitioner alleges it provided Respondents with documentation demonstrating that Petitioner and Leonard Logistics are separate entities, but Respondents nevertheless pursued their wrongful collection actions. *Id.* ¶¶ 13-14. Petitioner further alleges Respondents' conduct has caused unnecessary confusion and concern among Petitioner's clients, including Amazon, and has directly interfered with Petitioner's contractual relations with Amazon and its ability to conduct business free from unwarranted and baseless claims. *Id.* ¶¶ 17-19. Accordingly, Petitioner filed this action asserting claims for 1) Spurious Lien and (2) Tortious Interference with Business Contract/Intentional Interference with Business/Contractual Relations. ECF No. 10.

Respondent CFG was served personally with the Amended Petition on July 8, 2024. ECF No. 18-1. A copy of the Amended Petition and Summons was mailed via Certified Mail, Return Receipt Requested to CFG on July 3, 2024. ECF No. 18-2. Respondent Empire Recovery Services, LLC, was not able to be served at the registered agent's address located on the New York Department of State's website. ECF Nos. 18-3, 18-4. Between July 14 and July 24, 2024, an attorney claiming to represent

Respondents reached out to Petitioner's counsel. ECF No. 16 at 2. This attorney claimed to be representing both Respondents and informed Petitioner's counsel that he would see the spurious lien be released on behalf of both Respondents. *Id.* Thereafter, Petitioner's counsel received no further communication or proof that the lien had been released. *Id.*

No attorney entered an appearance in the action and neither Respondent filed a timely response to the Amended Petition. Therefore, on August 12, 2024, Petitioner filed a Motion for Entry of Default Against Respondent CFG. ECF No. 16. On August 16, 2024, the Clerk entered default as to CFG. ECF No. 17. On September 6, 2024, Petitioner filed the instant Motion for Default Judgment as to CFG. ECF No. 18.

## II.    Legal Standard

Default must enter against a party who fails to appear or otherwise defend a lawsuit. Fed. R. Civ. P. 55(a). Pursuant to Rule 55(b)(1), default judgment must be entered by the Clerk of Court if the claim is for "a sum certain." In all other cases, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). However, "a party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court." *Greenwich Ins. Co. v. Daniel Law Firm*, 2008 WL 793606, at *2 (D. Colo. Mar. 22, 2008) (internal quotation marks omitted).

Before granting a motion for default judgment, the Court must take several steps. First, the Court must ensure that it has personal jurisdiction over the defaulting defendant and subject matter jurisdiction over the action. *See Bixler v. Foster*, 596 F.3d 751, 761 (10th Cir. 2010). Next, the Court should consider whether the well-pleaded allegations of

3

fact—which are admitted by the defendant upon default—support a judgment on the claims against the defaulting defendant. *See Fed. Fruit & Produce Co. v. Red Tomato, Inc.*, 2009 WL 765872, at *3 (D. Colo. Mar. 20, 2009) ("Even after entry of default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment."). "In determining whether a claim for relief has been established, the well-pleaded facts of the complaint are deemed true." *Id*. (citing *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).

### III.    Jurisdiction

#### A.    Subject Matter Jurisdiction

Petitioner asserts that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship and the amount in controversy exceeds $75,000. ECF No. 10 at 2-3. However, the Court finds that Petitioner has not established that this Court has subject matter jurisdiction because it has not sufficiently alleged the citizenship of the parties' members. *See Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004) ("The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter.").

For purposes of determining jurisdiction, a limited liability company takes the citizenship of all its members. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co*., 781 F.3d 1233, 1238 (10th Cir. 2015). Petitioners have alleged that Petitioner is a Colorado LLC and "[n]one of the members and sub-members of Petitioner are citizens of New York or Florida" and that Respondents are New York LLCs and "[n]one of their members or sub-

members are citizens of Colorado or Florida." *See* ECF No. 10 ¶¶ 1-3. But "[a] pleading that sets forth the states of which a party is not a citizen is insufficient to establish subject matter jurisdiction." *Apodaca v. Sizzling Caesars, LLC*, No. 19-cv-03621-PAB, 2020 WL 773069, at *2 (D. Colo. Feb. 18, 2020) (citation omitted). Rather, Petitioner "must affirmatively identify all the members of itself and [Respondents] and provide the Court with those members' citizenship." *Broadband Facility Partners, LLC v. NebraskaLink Holdings, LLC*, No. 22-CV-01519-DDD-NYW, 2022 WL 19298884, at *1 (D. Colo. June 24, 2022); *see also Okland Oil Co. v. Knight,* 92 F. App'x 589, 608 (10th Cir. 2003) ("Allegations supporting diversity jurisdiction must be pleaded affirmatively."); *Safeway Stores 46 Inc. v. WY Plaza LC*, No. 20-8064, 2021 WL 5343964, at *1 (10th Cir. Oct. 28, 2021) (remanding case to district court where the briefing failed to identify limited liability company members and thus "lack[ed] the information necessary for [the court] to ascertain whether complete diversity exists"); *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) ("When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company."). Because the Amended Petition does not identify the members of Petitioner or Respondents and does not affirmatively allege the citizenship of each member, the allegations are presently insufficient for the court to assure itself of diversity jurisdiction in this case.

### B.    Personal Jurisdiction

Moreover, even if this Court had diversity jurisdiction, the Court finds that it also lacks personal jurisdiction over Respondents.

Federal courts sitting in diversity—which is the only basis for jurisdiction alleged here—may only exercise personal jurisdiction over a nonresident defendant where both state law and federal due process are satisfied. *See, e.g., Doering v. Copper Mountain, Inc.*, 259 F.3d 1202, 1209 (10th Cir. 2001); *Taylor v. Phelan*, 912 F.2d 429, 431 (10th Cir.1990). "Colorado's long arm statute is coextensive with constitutional limitations imposed by the due process clause. Therefore, if jurisdiction is consistent with the due process clause, Colorado's long arm statute authorizes jurisdiction over a nonresident defendant." *Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004) (quoting *Day v. Snowmass Stables, Inc.*, 810 F.Supp. 289, 291 (D. Colo 1993)); *accord Keefe v. Kirschenbaum & Kirschenbaum, P.C.*, 40 P.3d 1267, 1270 (Colo. 2002) (citing C.R.S. §§ 13–1–124(1)(a)–(b) (2007)). Accordingly, the only question here is whether exercising personal jurisdiction over CFG comports with due process, a question of federal law. *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F.Supp.2d 1250, 1253 (D.Colo.2000) ("Federal law, not state law, guides the due process analysis."), *aff'd*, 16 Fed. Appx. 959 (10th Cir. 2001).

The Supreme Court has held that, to exercise jurisdiction in harmony with due process, defendants must have 'minimum contacts' with the forum state, such that having to defend a lawsuit there would not 'offend traditional notions of fair play and substantial justice.' " *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir.2008) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Under this standard, jurisdiction can be established in one of two ways. First, general jurisdiction "lies when the defendant's contacts with the forum state are so 'continuous and

6

systematic' that the state may exercise personal jurisdiction over the defendant, even if the suit is unrelated to the defendant's contacts with the state." *Trierweiler v. Croxton and Trench Holding Corp*., 90 F.3d 1523, 1533 (10th Cir.1996). Specific jurisdiction, on the other hand, exists if the defendant has "minimum contacts with the forum state." *Reynolds v. Henderson & Lyman*, No. 13-CV-03283-LTB, 2014 WL 5262174, at *3 (D. Colo. Oct. 14, 2014).

Here, CFG is an entity with its principal place of business in New York. There are no allegations of CFG's continuous and systematic contacts with Colorado, so the Court may only proceed if it has specific personal jurisdiction over CFG. To determine whether CFG has minimum contacts with Colorado such that the Court may exercise personal jurisdiction over it, the Court must ask: "(1) whether the defendant purposefully directed its activities at residents of the forum state; (2) whether the plaintiff's injury arose from those purposefully directed activities; and (3) whether exercising jurisdiction would offend traditional notions of fair play and substantial justice." *Newsome v. Gallacher*, 722 F.3d 1257, 1264 (10th Cir. 2013).

Here, the only allegations regarding CFG's contacts with Colorado are that it has attempted to enforce a lien against Petitioner, a Colorado company, and the vague allegations that CFG, through Empire, pursued "aggressive collection efforts." ECF No. 10 ¶¶ 9, 12. But the "lien" attached to the Amended Petition is a State of Florida Uniform Commercial Code Financing Statement Form – Form UCC-1. *See* ECF No. 10-2. This form, in accordance with Florida law, identifies Leonard Logistics—not Petitioner—as the debtor and reflects CFG's right to lien Leonard Logistics' property. *Id.* The form identifies

that it covers the collateral created pursuant to a purchase agreement executed between CFG and Leonard Logistics, and has no apparent relation to Colorado. ECF Nos. 10-2, 10-3. Petitioner alleges it has never done business with either CFG or Empire. ECF No. 10 ¶¶ 27, 38. Petitioner generally alleges that CFG, through Empire, pursued "aggressive collection efforts" but does not identify those efforts. And even if CFG has reached out to collect from Petitioner, this does not amount to "purposefully availing" itself of the benefits of Colorado law like someone actually "doing business" in Colorado. *See Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); *see also Far W. Capital, Inc. v. Towne,* 46 F.3d 1071, 1076-77 (10th Cir. 1995) (the "defendants' phone calls, and ten-to-twenty faxes and letters" were not sufficient to establish minimum contacts); *Soma Med. Int'l v. Standard Chartered Bank,* 196 F.3d 1292, 1299 (10th Cir. 1999) ("a limited number of faxes and other written communications concerning [a bank] account" were not sufficient to establish minimum contacts).

In sum, Petitioner has not shown that a lien was ever recorded against it in any state, let alone Colorado, and certainly has not alleged that CFG made any contacts with Colorado aside from attempting to collect from Petitioner under the mistaken belief that Petitioner was affiliated with Leonard Logistics. With such minimal contacts, the Court does not find that CFG could have reasonably anticipated being hailed into federal court in Colorado to defend its lien against a Florida corporation and its associated collection efforts. *See Volkswagen I*, 444 U.S. 286, 297, 100 S.Ct. 580 (1980); *Hanson*, 357 U.S. at 253, 78 S.Ct. 1228.

Accordingly, the Court finds that it cannot satisfy itself of subject matter jurisdiction over this action or personal jurisdiction over CFG. Therefore, Petitioner's Motion for Default Judgment is denied.

## IV.     Conclusion

For the reasons set forth herein, Petitioner's Motion for Default Judgment is **DENIED** and this case is **DISMISSED WITHOUT PREJUDICE**.

DATED:  November 6, 2024

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge